NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TITUS MAY; BARRY MAY; JEFFREY MAY; TRACI MAY; KELLI CHAVEZ; GREGORY MAYO; LORI MOBERLY, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> NORTHROP GRUMMAN SYSTEMS CORPORATION, individually and as successor in interest to The Grumman Aircraft Engineering Corporation and Grumman Aerospace Corporation, <br><br> Defendant-Appellee. | No. 15-56219 <br><br> D.C. No. 2:14-cv-09374-WGY-JEM <br><br> MEMORANDUM * |

Appeal from the United States District Court
for the Central District of California
William G. Young, District Judge, Presiding

Argued and Submitted February 6, 2017
Pasadena, California

Before: SCHROEDER, DAVIS,** and MURGUIA, Circuit Judges.

Plaintiffs appeal the district court's dismissal of their original complaint for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Andre M. Davis, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

failure to state a claim and denial of their motion for leave to amend the complaint on futility grounds. After denying Plaintiffs' motion for leave to amend, the district court entered judgment in favor of Defendant Northrop Grumman Systems Corporation ("Northrop"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.[1]

1. We review de novo a district court's dismissal for failure to state a claim upon which relief can be granted. *See Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). A district court's denial of a motion to amend a complaint is generally reviewed for an abuse of discretion, *see AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012), but we review de novo a district court's denial of leave to amend on grounds of futility, *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010). Denial of a motion to amend on futility grounds is proper if it is clear "that the complaint would not be saved by any amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (citation omitted).

2. The district court properly dismissed Plaintiffs' original complaint because it contained insufficient, non-conclusory allegations to state a plausible

---

[1] We grant Northrop's unopposed motion requesting judicial notice of Plaintiffs' complaint in a related state court lawsuit (Doc. 27), as the Court may take judicial notice of "matters of public record." *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

claim for relief or to put Northrop on notice of the basis for Plaintiffs' claims so that it could defend itself effectively. *See Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). Notably, Plaintiffs' original complaint did not identify any specific product that Northrop itself manufactured, supplied, or was otherwise responsible for in a way that would give rise to a claim for products liability, which is fatal to both Plaintiffs' negligent and strict products liability claims. *See DiCola v. White Bros. Performance Prod.*, 69 Cal. Rptr. 3d 888, 897 (Cal. Ct. App. 2008). Further, the original complaint does not identify the names of the decedent's family members that worked at Northrop, the specific Northrop facilities where these family members worked, what jobs they held, or any other information related to the circumstances of the family members' exposure to asbestos on Northrop's facilities. Without such basic information, Plaintiffs' original complaint fails to put Northrop on notice of the basis for Plaintiffs' premises liability claim. *See Levitt*, 765 F.3d at 1135.

3.     The district court properly denied Plaintiffs' motion for leave to amend their negligent and strict products liability claims on futility grounds. Plaintiffs' proposed First Amended Complaint, like the original complaint, failed to identify any defective product that Northrop itself produced, manufactured, sold, or otherwise could be responsible for under a theory of products liability. To the extent Plaintiffs are attempting to hold Northrop liable for any defective products

manufactured and supplied to Northrop by other companies, such claims are improper under California law. *See O'Neil v. Crane Co.*, 266 P.3d 987, 991 (Cal. 2012). Further, to the extent Plaintiffs are attempting to hold Northrop liable only for its use of defective products in the scope of its business, Plaintiffs have not persuasively established that this theory is sufficient to justify imposing liability under a theory of products liability, as opposed to liability under a theory of premises liability or general negligence. *Cf. Peterson v. Superior Court*, 899 P.2d 905, 913 (Cal. 1995). Accordingly, the district court did not err in denying Plaintiffs leave to amend their negligent and strict products liability claims, and the district court did not abuse its discretion in dismissing these claims with prejudice. *See Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1167 (9th Cir. 2009).

4.      However, the district court erred in denying Plaintiffs' motion for leave to amend their premises liability claim on futility grounds. The proposed First Amended Complaint alleges sufficient, non-conclusory allegations to plausibly state a claim for relief under a theory of premises liability and to put Northrop on fair notice of the basis for Plaintiffs' claim. *See Levitt*, 765 F.3d at 1135; *see also Kesner v. Superior Court*, 384 P.3d 283, 300, 305 (Cal. 2016) (identifying the elements of a premises liability claim as (1) a legal duty of care, (2) breach of that duty, and (3) proximate cause resulting in injury, and holding that a property owner's duty to prevent take-home exposure extends to members of

4

a worker's household). Specifically, the proposed First Amended Complaint identifies the particular Northrop-controlled premises on which the decedent's family members worked, how Northrop reasonably failed to maintain its premises to protect its employees from airborne asbestos exposure, how the decedent's husband was exposed to airborne asbestos through the course of his employment with Northrop, and how the decedent was ultimately harmed by asbestos originating from Northrop's facilities through take-home exposure. Because the proposed First Amended Complaint sufficiently states a claim against Northrop for premises liability, the district court erred in denying Plaintiffs leave to amend their complaint on futility grounds. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (stating that the "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading"). Accordingly, we reverse the judgment of dismissal on Plaintiffs' premises liability claim and remand for further proceedings.

5. The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**